ROY G. RIFKIN (State Bar No. 82672)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:   (310) 479-1422

Attorneys for Defendant
Devos, Ltd. Which Will Do Business In
California As Guaranteed Returns

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL DISTRIBUTORS CORP., a corporation, | Case No.  CV 07-4859-VBF (AGRx) |
| Plaintiff, | |
| vs. | **DEFENDANT DEVOS, LTD.'S FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| MYLAN LABORATORIES, INC., a corporation; STERICYCLE, INC., a corporation; DEVOS, LTD. WHICH WILL DO BUSINESS IN CALIFORNIA AS GUARANTEED RETURNS, a corporation, DOES 1 through 100 inclusive, | TRIAL DATE: August 12, 2008 TIME: 8:30 a.m. Courtroom of the Hon. Valerie Baker Fairbank |
| Defendants. | |

The above entitled matter came on regularly for trial on August 12, 2008.  The matter was heard by the Court, the Honorable Valerie Baker Fairbank presiding.

The Court, having considered the evidence and heard the arguments of counsel, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    Defendant Devos, Ltd. ("Devos") is a New York based company engaged in the "reverse distribution" of pharmaceutical products.  Devos, on behalf of its customers, processes returns to the pharmaceutical manufacturers in order to expedite

-1-

**DEFENDANT DEVOS, LTD.'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1   return credits where allowed by the manufacturers.

2       2.     Plaintiff Rebel Distributors Corp. ("Rebel") is a distributor of

3   pharmaceutical products.  Rebel has been a customer of Devos since 2005.

4       3.     In the summer of 2006 Rebel acquired certain product for the sole

5   purpose of returning the product to various manufacturers for credit.  The product in

6   question was acquired by Rebel from a secondary distributor of pharmaceutical

7   products named Quality King.

8       4.     Devos does not accept product from Quality King for return to

9   manufacturers.  Devos is aware that many manufacturers do not accept for return credit

10  product where Quality King is in the chain of title.

11      5.     Rebel did not disclose to Devos that it had acquired the product in

12  question from Quality King.  Rebel did not disclose to Devos that it acquired the

13  product in question not for resale purposes, but for the sole purpose of returning the

14  product to manufacturers for profit.

15      6.     All of the product in question was shipped by Rebel to Devos for return

16  processing.  In shipping the product to Devos, Rebel utilized Devos's standard return

17  authorization forms.  On the return authorization forms, the wholesaler utilized by

18  Rebel was identified as Amerisource Bergen Company ("ABC").

19      7.     ABC is one of the major national distributors of pharmaceutical products

20  and is an authorized distributor of products manufactured by Mylan, Inc. ("Mylan").

21      8.     Devos's return authorization form utilized by Rebel states:

22          "The wholesaler listed above will receive your credit memos.  If the

23          wholesaler above is incorrect you must call 800-473-2138.  Do not use

24          this form if you do not use the wholesaler listed."

25      9.     Devos's return authorization form utilized by Rebel also states:

26          "All credit estimates and service procedures are determined by strict

27          manufacturer's specifications."

28

-2-

**DEFENDANT DEVOS, LTD.'S [PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

I:\16840\020\Pleadings\Finds of Fact and Conclusions of Law 8 25 08.wpd

10.   The product received by Devos from Rebel was processed by Devos in accordance with its standard procedures.  The product was separated by manufacturer, and each piece was scanned into Devos's computer system.  Additional information, such as the applicable expiration dates and lot numbers, was also input.

11.   Certain product was determined on its face to be not acceptable by the manufacturer for return credit based upon the published return policies of the manufacturer.

12.   All product that was determined on its face to be returnable for credit pursuant to the manufacturer's published return policies was assigned an estimated return value based upon information promulgated throughout the pharmaceutical industry.

13.   A portion of the product shipped by Rebel to Devos for return in the summer of 2006 was manufactured by Mylan.  Mylan's designated agent for receiving and handling of returned product is Stericycle, Inc. ("Stericycle").

14.   As of the summer of 2006, Rebel was not purchasing any product directly from Mylan.  Accordingly, Rebel was considered a non-direct account by Mylan for return purposes.

15.   As of the time that Rebel forwarded Mylan product to Devos for return, Rebel was familiar with Mylan's non-direct account return policy.  As of the summer of 2006, Mylan's return policy for non-direct accounts was published both by Mylan and by Stericycle.  Based upon Mylan's published non-direct account return policy, the majority of the Mylan product forwarded to Devos by Rebel, was on its face, returnable for credit.

16.   In accordance with its standard practice, Devos provided to Rebel a returnable report indicating which portions of the Mylan product appeared to be returnable for credit and placing estimated return values on that product.

17.   Also in accordance with its standard practice, Devos then forwarded to

-3-

**DEFENDANT DEVOS, LTD.'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I:\16840\020\Pleadings\Finds of Fact and Conclusions of Law 8 25 08.wpd

1    Mylan, by Mylan's agent, all of the product identified on the returnable report.

2        18.    Mylan did not issue credit to Rebel for the product returned to it by

3    Devos.  Rather, Mylan advised Devos that it would only give credit to someone buying

4    product directly from Mylan.  This was contrary to any published policy that Devos

5    and Rebel were aware of at that time.

6        19.    Devos asked Rebel if it would provide proof of purchase of the Mylan

7    product from ABC based on the belief that credit might be provided to Devos through

8    ABC.  However, Rebel refused to provide to Devos any proof of purchase of the

9    Mylan product.

10       20.    The Mylan product was never returned by Stericycle and presumably was

11   destroyed in accordance with its normal custom and practice.

12       21.    Devos incurred considerable expense and time in processing the return of

13   the Mylan product on behalf of Rebel.

14   CONCLUSIONS OF LAW

15   1.    Rebel and Devos entered into an oral contract.  Devos performed and did

16       not breach the contract.

17   2.    Rebel and Devos did not enter into a written contract.  Even if the

18       writings constituted a written contract, Devos performed and did not

19       breach the terms of the contract, whether a written contract or a combined

20       written and oral contract.

21   3.    All conditions required for Devos's performance did not occur.

22   4.    Devos did not fail to do anything required of it under any contract with

23   Rebel.

24   5.    Rebel was not damaged by any failure on the part of Devos.

25   6.    Devos is not liable to Rebel for breach of contract.

26   7.    Devos did not take possession of any product without Rebel's consent.

27   8.    Devos did not engage in any conduct that was a substantial factor in

28

-4-

**DEFENDANT DEVOS, LTD.'S [PROPOSED] FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

1  causing harm to Rebel.

2       9.    Devos is not liable to Rebel for conversion.

3       10.   Rebel's claims are barred because the damages, if any, to Rebel were

4  proximately caused by Rebel's own actions or by the actions of Mylan and/or

5  Stericycle.

6       11.   Rebel's claim for damages is offset to the extent Rebel receives any

7  amounts in settlement from Mylan and/or Stericycle.

8

9  DATED: August 25, 2008

10  UNITED STATES DISTRICT JUDGE

11

12  SUBMITTED BY:

13  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

14

15  By:_____

16      ROY G. RIFKIN
    Attorneys for Defendant Devos, Ltd. Which
Will Do Business in California As Guaranteed

17  Returns

18

19

20

21

22

23

24

25

26

27

28

-5-
**DEFENDANT DEVOS, LTD.'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I:\16840\020\Pleadings\Finds of Fact and Conclusions of Law 8 25 08.wpd